IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION

| | |
|---|---|
| TAUNYA W. HENSON,<br><br>                PLAINTIFF,<br><br>vs.<br><br>RAUSCH STURM ISRAEL & HORNICK, SC,<br><br>                DEFENDANT. | Civil Action No.<br><br><br>COMPLAINT and DEMAND FOR JURY TRIAL |

NOW COMES the Plaintiff,  TAUNYA W. HENSON ("Plaintiff" or "Henson") by and through her attorney, L. Ashley Zubal, and for her Complaint against the Defendant, RAUSCH STURM ISRAEL & HORNICK, SC, (hereinafter "Defendant" or "Rausch Sturm"), alleges as follows:

## I.     INTRODUCTION

1.   This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.     JURISDICTION AND VENUE

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III.     PARTIES

3.   Plaintiff, Taunya Henson, is a natural person residing in West Des Moines, Iowa.

4.   Defendant, Rausch Sturm, is a business engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

7. At some point in time, the Plaintiff incurred a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3), to Household Finance Ind Loan Co. of Iowa, which was used for personal, family, or household use.

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## IV.   FACTUAL ALLEGATIONS

10. On or about December 02, 2008, Household Finance Ind Loan Co of Iowa commenced a legal debt collection action against the Plaintiff in the Iowa District Court for Polk County Court, case number LACL111215.

11. Default judgment was entered against the Plaintiff in said matter on or about January 26, 2009 in the amount of $7,218.79 at 19.8 percent interest as well as costs of the action.

12. The Plaintiff's employer, AT&T Mobility, was served Notice of Garnishment and Interrogatories on or about January 15, 2010 and began garnishing the Plaintiff's paycheck on January 21, 2010. At the time the Notice of Garnishment and Interrogatories were served, the amount of judgment and accrued costs due was $7,583.14.

13. The Plaintiff's wages were garnished from January 15, 2010 to May 06, 2010 for a total amount of $4,301.56.

14. The Plaintiff's employer, AT&T Mobility, was served Notice of Garnishment and Interrogatories a second time on or about April 07, 2011 and began garnishing the Plaintiff's paycheck on April 21, 2011. At the time the Notice of Garnishment and Interrogatories were served, the amount of judgment and accrued costs due was $6,752.43.

15. The Plaintiff's wages were garnished from April 07, 2011 to July 21, 2011 for a total amount of $3,197.25.

16. On or about January 23, 2012, attorney Kevin Abbott of Wetsch, Abbott & Osborn, P.L.C., dismissed himself from the action and attorney Adrienne E. Sula of Rausch Sturm Israel & Hornick, SC filed her appearance.

17. The Plaintiff's employer, AT&T Mobility, was served Notice of Garnishment and Interrogatories issued by the Defendant on or about February 17, 2012. At the time the Notice of Garnishment and Interrogatories were served, the amount of judgment and accrued costs due was alleged to be $10,839.02.

18. The Defendant is misrepresenting to the Plaintiff and to third parties the character, amount, and legal status of the debt and is attempting to collect on a represented balance which they are not legally entitled to collect.

19. As a result of the above-referenced communications and actions of the Defendant, the Plaintiff has experienced the following damages including, but not limited to: embarrassment, frustration, stress, fear, loss of sleep and anxiety.

V.      FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

20. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 19.

21. The Fair Debt Collection Practices Act measures a debt collector's behavior according to an objective "least sophisticated debtor" standard which "ensures that the FDCPA protects all consumers, the gullible as well as the shrewd...the ignorant, the unthinking, and the credulous." Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993).

22. Rausch Sturm Israel & Hornick, SC, and its agents violated the FDCPA through the foregoing acts and omissions including, but not limited to:

    a.  The Defendant violated 15 U.S.C. § 1692e(2)(a) through the false representation of the character, amount, or legal status of a debt.

    b.  The Defendant violated 15 U.S.C. § 1692f through the use of unfair or unconscionable means to collect or attempt to collect a debt.

    c.  The Defendant violated 15 U.S.C. § 1692f(1) through the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

23. The Plaintiff is entitled to statutory damages up to $1,000.00 for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

24. The Plaintiff is entitled to actual damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1).

25. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3).

## VI.    SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

26. The Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 25.

27. Rausch Sturm Israel & Hornick, SC, and its agents violated the IDCPA through the foregoing acts and omissions including, but not limited to:

    a.  The Defendant violated Iowa Code § 537.7103(1)(f) by violating 15 U.S.C. §§ 1692e(2)(a); 1692f; and 1692f(1).

    b.  The Defendant violated Iowa Code § 537.7103(4)(e) through a misrepresentation, or a representation which tends to create a false impression of the character, extent or amount of a debt, or of its status in a legal proceeding.

    c.  The Defendant violated Iowa Code § 537.7103(5)(d) through the collection of or the attempt to collect interest or other charge, fee or expense incidental to the principal obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation and is legally chargeable to the debtor, or is otherwise legally chargeable.

28. The Plaintiff is entitled to statutory damages ranging from $100.00 to $1,000.00 for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

29. The Plaintiff is entitled to actual damages for Defendant's violations of the IDCPA pursuant to § 537.5201(1)(y).

30. The Plaintiff is entitled to an award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to § 537.5201(8).

WHEREFORE, the Plaintiff respectfully requests that judgment be entered against the Defendant, that the Plaintiff be awarded statutory damages, actual damages, the cost of this action along with reasonable attorney fees, and for such other relief as the Court deems appropriate in the circumstances.

## VII.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

   /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF